

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

**FRANCIS ROMEO**

        **Plaintiff-Pro Se,**

**V**

 **JULIE ALBERT, in her
official and individual capacity;
Virginia Godell, in her official
and individual capacity;
Julie Wojtylko, in his official
and individual capacity.**

      **Defendants.**

Case: 2:24-cv-10378
Judge: Grey, Jonathan J.C.
MJ: Patti, Anthony P.
Filed: 02-14-2024 At 03:04 PM
CMP ROMEO V ALBERT, ET AL (LG)

_____/

**There is no file in this Court between the parties
arising out of the same occurrences
as alleged in this Complaint**

## COMPLAINT AND DEMANT FOR TRIAL BY JURY

**NOW COMES** plaintiff Francis Romeo temporarily in Pro Per, and in support

of his Complaint against the above named Defendants states unto This Honorable

Court as follows:

## PRELIMINARY STATEMENT

This is an action brought under 42 U.S.C. Section 1983, The First, Fourth, Fifth,

and Fourteenth Amendments of The U.S. Constitution to hold The City of Romulus, *via*

its policy makers, the Assessor, the Chief of Staff and the Building Department Official

accountable for their unreasonable, unlawful, malicious, revengeful violations of Plaintiffs

rights in the conspiracy to condemn and demolish Plaintiffs home of twenty-five years(25)

(EXHIBIT 1) because he expressed his belief there was corruption in the administration of

city contracts. Note: Said corruption was later proven true, the contractor Plaintiff alleged

was engaged in overbilling and giving kick backs was charged in Federal Case No.:

18-20255, U.S. D.O.J.-V-William Pritula, who was found guilty and fined nearly

$20,000,000.00, The Honorable Victoria Roberts presiding. The Plaintiff now turns to

This Honorable Court in pursuit of justice.

## JURISDICTION AND VENUE

1. This Complaint seeks remedies pursuant to 42 U.S.C. Section 1983, The First,

Fourth, Fifth, and Fourteenth Amendments of The Constitution of The United States.

2. The venue is proper before This Honorable Court pursuant to 28 U.S.C. Section 1331 and the amount in question exceeds Seventy-Five Thousand Dollars($75,000.00), and The Honorable Court has jurisdiction over all the parties.

<u>PARTIES</u>

3. Plaintiff Francis Romeo(Plaintiff),at all times relevant resided in The State of Michigan, County of Wayne, City of Romulus.

4. Defendant Julie Albert(Albert) at all times relevant resided in The State of Michigan, County of Wayne, City of Plymouth Township, and was employed by The City of Romulus as Assessor.

5. Defendant Virginia Godell(Godell) at all times relevant resided in The State of Michigan, County of Wayne, City of Livonia, and was employed by The Romulus Building Department.

6. Defendant Julie Wojtyiko(Wojtyiko) at all times relevant resided in the State of

Michigan, County of Wayne, City of Romulus and was employed by The City of Romulus

as Chief of Staff.

## FACTS

7. Plaintiff hereby incorporates by reference paragraphs one(1) through six(6)

of this Complaint as if fully stated herein.

8. Plaintiff lives in rural ,formerly farmland, Romulus which was recently rezoned

industrial.

9. With the new zoning came a trash dumping problem.

10. No remedies were forthcoming from law enforcement.

11. Defendants knew, or should have known there was a connection between said

dumping and the Ordinance/Inspection Dept. and the City Clean up contractor. Said

Clean up Contractor was the object of a Federal probe, Case No.: 18-20255, U.S. -v-

William Pritula, and was convicted of writing over inflated invoices for work that was

never performed and splitting the proceeds with the inspectors.

12. Before the Contractors Conviction Plaintiff received an assessment on his tax bill for Two-Thousand Three Hundred and Ten ($2,310.00) Dollars for "Weed Cutting" that was never done. (EXHIBIT 2)

13. Plaintiff ,in an effort to be a good citizen, requested an appointment to speak to the Defendants to resolve the matter, said meeting took place the end of September,2016 (EXHIBIT 1).

14. Plaintiff alleged a fraudulent billing and corruption in the process and stated that without proof he would not pay the $2,310.00.

15. Defendant Albert went so far as to infer that Plaintiffs house was on the line if Plaintiff did not satisfy their demand. Extortion! For which there is no immunity.

16. Plaintiff knew the Defendants were infuriated by his allegations, his taxes were under $1,000.00 without the $2,310.00 fraudulent charge.

17. Plaintiff applied for a tax hardship hearing as he is well into his retirement years, his case somehow got lost in the system and nothing became of it.

18. Unknown to Plaintiff at the time Defendants hatched a plot to have his house of twenty-five(25)years condemned and demolished as an act of revenge.(EXHIBIT 1).

19. In 2023 Plaintiff received the condemnation/demolition memo(EXHIBIT 1) that informed him of what went on behind his back.

20. Plaintiff was forcibly ejected from his house of twenty-five years in late February,2022 when it was demolished not because of any structural deficiency but out of Defendants revenge, alleging the unpaid "Weed Cutting" charge as the basis for the demolition, for which there is no connection between weeds outside and the structure of the house.

21. Defendants failed to observe the rules governing "Due Process". Defendants controlled the demolition process from beginning to end. No "Due Process" no Court hearings, no opportunity for Plaintiff to state his case for the record, not even accurate files

22.Defendants went so far as to pass a resolution prohibiting anyone suing them from obtaining FOIA information, obviously Plaintiff.

23. Further, in 2019 Defendants passed Ordinance 20.04e prohibiting Plaintiff

from reoccupying his house if he ever left.

24. Defendants basically wanted Plaintiff out because his was the last house

making it a nonconforming structure in their new industrial zone.

<u>COUNT I</u>
<u>42 U.S.C. SECTION 1983 RETALATION IN VIOLATION</u>
<u>OF THE FIRST AMENDMENT OF THE U.S. CONSTITUTION</u>

25. Plaintiff hereby incorporates by reference paragraphs one(1) through

twenty-four(24) of this Complaint as if fully stated herein.

26. When alleging a First Amendment retaliation claim, Plaintiff must show;
   a. Plaintiffs' speech was protected, Plaintiff tried to do the right thing, meeting
      with Defendants to remedy the situation;
   b. That Defendants alleged retaliatory action adversely affected the Plaintiffs'
      Constitutionally protected speech by responding with character assinations
      and extortion threats;
   c. A causal relationship exists between Plaintiffs' speech and the Defendants
      retaliatory action. *"See Dickerson v Duncan,* Civil action no.: 7:19 CV00802
      2020.

27. The retaliatory acts violated The Constitutional rights guaranteed to Plaintiff

by The First Amendment of The United States Constitution .Defendants actions were not

taken in good faith.

28. Defendants lacked probable cause when they took retaliatory actions against

Plaintiff, no immunity of any kind for retaliation.

29. As the direct and proximate result of Defendants' unreasonable and unlawful

actions, Plaintiff suffered and continues to suffer substantial past and future damages,both

compensatory and general, including, but not limited to, the loss of his home of twenty-five

years(25) and everything in it total value over Two hundred thousand dollars ($200,000.00)

homelessness, severe emotional distress, mental anguish, embarrassment and humiliation.

30. Because Defendants were "Motivated by evil motive or intent" and/or involved

a reckless or callous indifference to the Federally protected rights of Plaintiff an award of

punitive damages is appropriate to the fullest extent permitted by law.*See Morning V*

*Dillon Cty.,*No.:4:15-cv-03349-RBH -TER,2018,quoting Smith V Wade.

<u>**COUNT II**</u>
<u>**42 U.S.C. SECTION 1983-VIOLATION OF THE 4th AMENDMENT**</u>
<u>**OF THE U.S. CONSTITUTION**</u>

31. Plaintiff hereby incorporates by reference paragraphs one(1) through

thirty(30) of this Complaint as if fully stated herein.

32. Defendants actions in the unlawful and without "Due Process" seizure and

demolition of Plaintiffs' home violated The Constitutional rights guaranteed Plaintiff

by the Fourth Amendment of The United Stated Constitution.

33. Defendants actions were not taken in good faith and were clearly in violation

of established law.

34. Defendants actions were unnecessary, unreasonable, unlawful and unjustified.

35. As the direct and proximate result of the Defendants unreasonable and

unlawful actions, Plaintiff has suffered and will continue to suffer well into the future

damages both compensatory and general, including, but not limited to, loss of his home and

contents of twenty-five years and more, for which there is no immunity of any kind.

36. Because Defendants actions ware "Motivated by evil motive or intent" and

involved a reckless or callous indifference to the Federally protected rights of Plaintiff

an award of punitive damages is appropriate to the fullest extent permitted by law. *See*

*Morning v Dillon Cty.*

## COUNT III
## 42 U.S.C. SECTION 1983-FAILURE TO INTERVENE IN VIOLATION OF THE 4TH AMENDMENT OF THE UNITED STATED CONSTITUTION

37. Plaintiff hereby incorporates by reference paragraphs one(1) through thirty-six(36) as if fully stated herein.

38. One or all of the Defendants should have known better "The concept of bystander liability is premised on the duty to uphold the law and protect the public from illegal acts regardless of who commits them" *See Randall v Prince George Cty. Md.*,302 F.3d 188,203(4th Cir.2002) A Defendant may be liable under Section 1983 on the theory of bystander liability, if they:

a. Know Constitutional rights are being violated,

b. Have reasonable opportunity to prevent harm,

c. And chooses not to, for which there is no immunity of any kind.

39. As the direct and proximate cause of Defendants unreasonable and unlawful actions, Plaintiff has suffered the loss of his home and is now homeless, all of which could have easily been avoided.

40. Because Defendants actions were "Motivated by evil motives or intent and/or

involved reckless or callous indifference to the Federally protected rights of Plaintiff an

award of punitive damages is appropriate to the fullest extent permitted by law. *Supra.*

## COUNT IV
## VIOLATIONS OF THE 5TH AMENDMENT OF THE UNITED STATES CONSTITUTION DEPTIVATION OF PROPERTY

41. Plaintiff hereby incorporates by reference paragraphs one(1) through

forty(40) of this Complaint as if fully stated herein.

42. Defendants controlled the condemnation/demolition process from beginning to

end and thus denied Plaintiff his right to "Due Process" under the Fifth Amendment of The

United States Constitution, no notice, no Court proceedings, no official records, just

reckless and callous indifference to Plaintiffs' Federally protected Fifth Amendment

right "Not to be deprived of life, liberty or property without "Due Process", for which

there is no immunity for Defendants. *See Richmond Elks Hall Association -v- Richmond*

*redevelopment agency* 561 F 2d 1327

43. Defendants lacked probable cause when they took retaliatory action against

Plaintiff.

## COUNT V
## VIOLATIONS OF THE 14th AMENDMENT OF THE UNITED
## STATES CONSTITUTION LIFE LIBERTY AND PROPERTY RIGHTS

44. Plaintiff hereby incorporates by reference  paragraphs one(1)  through

forty-three of this Complaint as if fully stated herein.

45. Defendants seizure and demolition of Plaintiffs' home was a clear violation

of property owners rights under The Fourteenth Amendment of The United States

Constitution, for which there is no immunity of any kind.

46. Defendants actions were unnecessary, unreasonable, unlawful and

unjustified and were "Motivated by evil motive or intent" and are the proximate cause of

Plaintiffs' losses

47. Defendants actions were not done in good faith and were clearly in violation

of established law and done with reckless and careless indifference, no immunity available.

12

*PRAYER*

**WHEREFORE, For all the above stated facts and even more, if this case were to go to trial, Plaintiff humbly prays that this Honorable Court would grant the following relief:**

A) **Compensatory damages for all past and future economic losses and expenses incurred by Plaintiff as a result of Defendant's misconduct;**

B) **Punitive damages to the fullest extent permitted by law;**

C) **Declare that Defendants acts individual/official as alleged above violated The First, Fourth, Fifth and Fourteenth Amendments of The United States Constitution;**

D) **Award any other such relief that This Honorable Court deems fair and just at the time of final judgement.**

Dated: February 13,2024

Respectfully submitted,
/s/ Francis Romeo
Plaintiff-Pro Se

---

**Plaintiff requests a trial by jury.**

Dated: February 13,2024

Respectfully submitted,
/s/ Francis Romeo
Plaintiff Pro Se
~~11398 Harrison~~
~~Romulus, MI 48114~~
1751 Highview
Dearborn, MI 48128
734 299-0261
Clementine0261@gmail.com

13

## **AFFIDAVIT**

I Francis Romeo, being first duly sworn, declare and affirm that this document has been examined by me and that it's contents are true and if called upon to testify to their accuracy and validity I would.

Signed *Francis Romeo*

Francis Romeo

C SMITH
County Of Wayne
NOTARY
PUBLIC
Expires
08-06-2023
STATE OF MICHIGAN

7/13/2023
exp 8/6/2023
Wayne CO Mi

14

**EXHIBIT 1**

THIS IS THE MEMO STARTED BY ASSESSOR Julie Albert to Chief of Staff Wojtiko THAT STARTED THE WHOLE CONTROVERSY.

Assessor Julie Albert Memo's Chief of Staff Julie Wojtiko telling her to have Ginny Godell condemn and demolish Plaintiffs' home because he has a question about an over inflated charge for weed cutting, that defendant city has no proof of performance for and Plaintiff alleges it was never done.

**Wojtylko, Julie**

| | |
|---|---|
| From: | Albert, Julie |
| Sent: | Thursday, September 29, 2016 3:32 PM |
| To: | Wojtylko, Julie |
| Subject: | RE: 11398 Harrison |

**PAGE 5**

From: Wojtylko, Julie
Sent: Thursday, September 29, 2016 2:56 PM
To: Albert, Julie <jalbert@romulusgov.com>; Akins, Abbie <aakins@romulusgov.com>; Godell, Ginny <ggodell@romulusgov.com>
Cc: Freeman, Bonnie <bfreeman@romulusgov.com>; Mayor <Mayor@romulusgov.com>
Subject: 11398 Harrison

Mayor Burcroff met yesterday with Mr. Frank Romeo. Chief Settles, Director Freeman and I were also in attendance. Mr. Romeo requested the meeting due to charges placed on his taxes for onsite clean up done by our City Contractor following failure to respond to the warning notice from the Ordinance Department.

For Assessing it is best to use the site address if we have no other address info (that's what we have on file for 11398 Harrison)

Ginny – If Bonnie has not already requested this, please have an inspector check the property it may be time to put it on a demolition list? Would like to know the condition of the structure - he has asked about fencing in the property which would require variances and before we get involved in that process (it is a non-conforming use), I would like to know if we should be taking steps to have it condemned.

Please follow up and advise –

Thank you -

*Julie A. Wojtylko*
Julie A. Wojtylko, Chief of Staff
City of Romulus
Office of the Mayor
11111 Wayne Road
Romulus, MI 48174
(734) 955-4501
www.romulusgov.com
jwojtylko@ci.romulus.mi.us

**PAGE 5**

*City of Romulus Value Statement*
*The City of Romulus is passionate about customer service at all levels.*
*We have initiated a solutions oriented culture.*
*Our team of dedicated employees work together to deliver outstanding professional services.*

1

**EXHIBIT 2**

CITY OF ROMULUS

T A X   C E R T I F I C A T I O N
TAX SUMMARY FOR CALENDAR YEAR 2016

School: 82130

Property #: 80 094 99 0008 000

SITE ADDRESS:
11398 HARRISON

ROMEO TINA - FRANK
11398 HARRISON
ROMULUS MI 48174

TREASURER'S OFFICE
11111 WAYNE RD
ROMULUS MI 48174
(734) 942-7580

| | |
|---|---|
| SEV | 28,800 |
| AV | 28,800 |
| TAXV | 28,634 |

Mortgage Company of Record:
NONE

Prop Type  :
PRE/MBT %: 100

### Summer Tax Bill

| MILLS | TAX TYPE | TAX AMOUNT |
|---|---|---|
| 9.40630 | CITY OPERATING | 269.33 |
| 1.55000 | SANITATION | 44.38 |
| 0.50000 | LIBRARY | 14.31 |
| 0.06080 | PA359 PROMOTIONS | 1.74 |
| 5.64830 | COUNTY CHARTER | 161.73 |
| 6.00000 | STATE EDUC TAX | 171.80 |
| 18.00000 | ROM SCH OP (NH) | 0.00 |
| 1.31370 | ROM SCH OP (HH) | 37.61 |
| 8.25000 | ROM SCH DEBT | 236.23 |
| 0.75000 | ROM SCH SINK FND | 21.47 |
| 18.00000 | SCHOOL OPER FC | 0.00 |
| 0.00000 | DELINQ WEED CUT | 2,310.00 |

### Winter Tax Bill

| MILLS | TAX TYPE | TAX AMOUNT |
|---|---|---|
| 0.95290 | COUNTY OPERATING | 27.28 |
| 0.24590 | COUNTY PARKS | 7.04 |
| 0.93810 | COUNTY JAIL | 26.86 |
| 0.03680 | COUNTY VETERANS | 1.05 |
| 1.00000 | WCTA (SMART) | 28.63 |
| 0.10000 | WAYNE CO ZOO | 2.86 |
| 0.20000 | DIA AUTHORITY | 5.72 |
| 2.38680 | EPA LEVY | 68.34 |
| 0.21460 | HCMA (PARKS) | 6.14 |
| 3.24080 | WC COMM COLLEGE | 92.79 |
| 0.09650 | RESA OPERATIONS | 2.76 |
| 3.36780 | SPEC EDUC -VOTED | 96.43 |
| 2.00000 | RESA ENHANCEMENT | 57.26 |
| 0.00000 | SEXTON KILFOIL | 4.08 |

| | |
|---|---|
| TOTAL TAXES | 3,268.60 |
| ADMIN FEE | 32.68 |
| INTEREST | 147.09 |
| TOTAL BILL | 3,448.37 |

| | |
|---|---|
| TOTAL TAXES | 427.24 |
| ADMIN FEE | 4.27 |
| INTEREST | 17.09 |
| TOTAL BILL | 448.60 |

Date Prepared: 01/09/2020

**EXHIBIT 3**



**ORIGINAL**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

vs.

D-2 WILLIAM PRITULA,

Defendant.

CRIMINAL NO. 18-20255

HON. VICTORIA A. ROBERTS

OFFENSE: 18 U.S.C. § 666(a)(2)

MAXIMUM PENALTIES:
Up to ten years' imprisonment.
Up to $250,000 fine.
Supervised Release: Up to three years.

/

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant WILLIAM PRITULA and the government agree as follows:

**1.    Guilty Plea**

    **A.    Count of Conviction**

The defendant will enter a plea of guilty to Count One of the Superseding Information, which charges him with federal program bribery, in violation of 18 U.S.C. § 666(a)(2).

    **B.    Elements of Offense**

The elements of federal program bribery that the government would need to prove beyond a reasonable doubt at trial are:

**A**

18.   **Acceptance of Agreement by Defendant.**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on June 12, 2018. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

MATTHEW SCHNEIDER
United States Attorney

DAVID A. GARDEY
Assistant United States Attorney
Chief, Public Corruption Unit

EATON P. BROWN
Assistant United States Attorney

Dated:   6-5-18

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

BEN GONEK
ROBERT MORGAN
Attorneys for Defendant

WILLIAM PHILLIPS
Defendant

Dated   7/16/18

Dated   Sept. 16-2018

- 16 -

Document received by the MI Wayne 3rd Circuit Court.

Work," Warner wrote the words "grass cutting and snow plowing." The WCAA provided a copy of this document to the agents. On August 16, 2017, Warner's lawyer provided the agents with a copy of the same document, with the word "consulting" added to the section describing the nature of work.

## Summary of the Counts

Counts one through four of the fifth superseding indictment encompass the bribery, theft and money laundering conspiracies Warner engaged in with Pritula. Counts five and six relate to a similar conspiracy Warner engaged in with Earles. Counts seven, eight, and nine relate to Warner's scheme to defraud both the WCAA and West Bloomfield Township with Tenaglia. Count ten relates to Warner's attempt to obstruct justice by altering his report of outside employment form. As stipulated and agreed to by the parties, the government intends to present evidence of each of the three conspiracies in installments. Below is a summary of potential evidentiary issues that may arise during trial.

## MANNER AND MEANS

The defendant carried out the conspiracy through the following manner and means:

10.    JAMES WARNER and William Pritula devised and engaged in a scheme in which JAMES WARNER would provide confidential and proprietary information to William Pritula in order to enable William Pritula to secure facilities and maintenance contracts at DTW.

11.    After William Pritula secured the contracts, JAMES WARNER, with William Pritula's knowledge and permission, would create fraudulent invoices on behalf of William Pritula's company for work contracted to be performed at DTW.

12.    The fraudulent invoices grossly inflated the cost and scope of William Pritula's labor and materials, so that William Pritula and JAMES WARNER could defraud the WCAA and pay kickbacks to JAMES WARNER.

13.    JAMES WARNER, with William Pritula's knowledge and permission, created an email account in William Pritula's name from which JAMES

5

received in excess of $10,000.00 under one or more federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of federal assistance in each one-year period for the years 2010 through 2014.

Defendant **WILLIAM PRITULA** owned and operated Pritula and Sons, a company which sought and entered into contracts for pavement repair and replacement, as well as water main repair and fire hydrant installation and maintenance at Detroit Metropolitan Airport (DTW), a division of the WCAA. From September of 2010 through October of 2014, James Warner, an agent of the WCAA, devised and **PRITULA** participated in a scheme in which Warner would provide inside information to **PRITULA** in order to enable **PRITULA** to secure facilities and maintenance contracts at DTW. After **PRITULA** secured the contracts for **PRITRULA's** company, Warner, with **PRITULA's** knowledge and permission, would then create and submit fraudulent invoices on **PRITULA's** behalf for work **PRITULA** performed at DTW. The fraudulent invoices grossly inflated the cost of **PRITULA's** labor and materials. Following the WCAA's payment to **PRITULA**, Warner and **PRITULA** would divide the inflated proceeds equally. From September of 2010 through October of 2014, **PRITULA's** company received over $18,000,000.00 in payments from the WCAA. Of that amount, **PRITULA**, acting corruptly and with the intent to influence and reward Warner, paid Warner kickbacks amounting to over $5,000,000.00.

Case 2:18-cr-20255-VAR-RSW   ECF No. 204-10, PageID.3409   Filed 07/01/20   Page 1 of 1

## WCAA Payments to Pritula

| Date Deposited | Amount | Date Deposited | Amount | Date Deposited | Amount |
|---|---|---|---|---|---|
| 09/10/2010 | $110,000.00 | 09/13/2011 | $135,710.00 | 04/05/2013 | $6,600.00 |
| 09/21/2010 | $36,000.00 | 09/13/2011 | $346,550.00 | 04/25/2013 | $3,030.00 |
| 09/21/2010 | $57,580.00 | 09/22/2011 | $30,000.00 | 05/03/2013 | $350,000.00 |
| 09/22/2010 | $238,680.00 | 09/22/2011 | $4,384.00 | 05/21/2013 | $23,108.00 |
| 09/22/2010 | $40,500.00 | 10/11/2011 | $142,050.00 | 06/10/2013 | $125,000.00 |
| 10/01/2010 | $128,100.00 | 10/24/2011 | $664,150.00 | 06/20/2013 | $48,962.00 |
| 10/01/2010 | $77,050.00 | 10/31/2011 | $204,361.80 | 06/20/2013 | $11,064.00 |
| 10/08/2010 | $41,296.00 | 10/31/2011 | $48,000.00 | 06/20/2013 | $636,703.60 |
| 10/21/2010 | $15,441.00 | 11/16/2011 | $137,019.20 | 06/27/2013 | $6,000.00 |
| 10/21/2010 | $83,500.00 | 01/04/2012 | $12,540.00 | 07/09/2013 | $158,550.00 |
| 10/29/2010 | $346,215.00 | 01/04/2012 | $30,828.00 | 07/09/2013 | $413,950.00 |
| 11/29/2010 | $309,406.50 | 01/04/2012 | $19,928.00 | 08/01/2013 | $152,000.00 |
| 12/03/2010 | $144,000.00 | 01/04/2012 | $70,000.00 | 08/07/2013 | $831,350.00 |
| 12/17/2010 | $60,000.00 | 01/04/2012 | $9,362.00 | 08/08/2013 | $163,550.00 |
| 12/17/2010 | $40,210.00 | 01/31/2012 | $4,726.00 | 08/20/2013 | $93,100.00 |
| 01/03/2011 | $16,480.00 | 02/23/2012 | $72,000.00 | 09/06/2013 | $393,100.00 |
| 01/03/2011 | $82,204.00 | 03/14/2012 | $100,058.00 | 09/06/2013 | $430,490.00 |
| 01/14/2011 | $13,060.00 | 04/16/2012 | $17,496.00 | 09/26/2013 | $27,000.00 |
| 01/25/2011 | $12,365.00 | 04/27/2012 | $97,860.00 | 09/26/2013 | $1,201,000.00 |
| 01/26/2011 | $12,034.00 | 05/01/2012 | $515,750.00 | 10/10/2013 | $432,300.00 |
| 02/11/2011 | $13,595.00 | 06/06/2012 | $100,000.00 | 10/18/2013 | $254,382.00 |
| 02/23/2011 | $235,848.00 | 06/25/2012 | $29,390.00 | 10/25/2013 | $213,406.00 |
| 03/18/2011 | $69,086.00 | 06/25/2012 | $7,360.00 | 11/20/2013 | $880,000.00 |
| 04/01/2011 | $1,899.00 | 07/06/2012 | $14,580.00 | 11/27/2013 | $5,000.00 |
| 04/01/2011 | $20,000.00 | 07/26/2012 | $22,726.00 | 11/27/2013 | $8,070.00 |
| 04/21/2011 | $11,340.00 | 08/03/2012 | $145,000.00 | 01/03/2014 | $50,000.00 |
| 04/21/2011 | $3,288.00 | 08/15/2012 | $134,741.24 | 01/28/2014 | $19,440.00 |
| 04/21/2011 | $5,850.00 | 08/23/2012 | $261,928.00 | 02/13/2014 | $23,832.00 |
| 04/29/2011 | $70,000.00 | 09/06/2012 | $293,260.00 | 02/20/2014 | $74,400.00 |
| 05/23/2011 | $24,168.00 | 09/21/2012 | $262,811.25 | 02/27/2014 | $20,696.00 |
| 05/23/2011 | $30,000.00 | 10/09/2012 | $269,357.40 | 03/14/2014 | $10,824.00 |
| 06/15/2011 | $300,092.00 | 10/17/2012 | $966,009.60 | 04/01/2014 | $314,520.00 |
| 06/15/2011 | $294,875.00 | 10/26/2012 | $5,182.00 | 05/16/2014 | $107,860.00 |
| 06/24/2011 | $16,436.00 | 11/09/2012 | $27,610.00 | 05/20/2014 | $134,038.00 |
| 06/24/2011 | $10,712.00 | 12/17/2012 | $13,420.00 | 06/26/2014 | $404,462.00 |
| 06/24/2011 | $38,712.00 | 12/17/2012 | $12,880.00 | 07/03/2014 | $255,450.00 |
| 07/06/2011 | $20,275.00 | 12/17/2012 | $2,000.00 | 07/14/2014 | $184,100.00 |
| 07/21/2011 | $289,761.25 | 01/11/2013 | $20,736.00 | 07/18/2014 | $693,049.95 |
| 07/26/2011 | $61,328.00 | 02/01/2013 | $13,954.00 | 07/30/2014 | $64,750.00 |
| 08/16/2011 | $15,000.00 | 02/01/2013 | $7,296.00 | 07/30/2014 | $61,110.00 |
| 08/24/2011 | $176,520.00 | 03/29/2013 | $29,512.00 | 09/10/2014 | $847,870.00 |
| | | | | | $19,009,484.79 |

GOVERNMENT
EXHIBIT
VER 26

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Francis Romeo

**(b)** County of Residence of First Listed Plaintiff   Wayne   240163
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro Se

## DEFENDANTS

Julie Albert

County of Residence of First Listed Defendant   Wayne
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF

Case:2:24-cv-10378
Judge: Grey, Jonathan J.C.
MJ: Patti, Anthony P.
Filed: 02-14-2024 At 03:04 PM
CMP ROMEO V ALBERT, ET AL (LG)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**

- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**

- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☒ 371 Truth in Lending
- ☒ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983, First,Fourth,Fifth and Fourteenth Amendments of The U.S. Constitution.
Brief description of cause:
Fraud/Intentional misconduct/Torts

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   February 13,2024

SIGNATURE OF ATTORNEY OF RECORD   /s/Francis Romeo Pro Se

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.　　　Is this a case that has been previously dismissed?　　　☐ Yes
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.　　　Other than stated above, are there any pending or previously
　　　　discontinued or dismissed companion cases in this or any other　　☐ Yes
　　　　court, including state court? (Companion cases are matters in which　☒ No
　　　　it appears substantially similar evidence will be offered or the same
　　　　or related parties are present and the cases arise out of the same
　　　　transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :