UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANCIS ROMEO,

    Plaintiff,

v

JULIE ALBERT, VIRGGINIA GODELL,
JULIE WOJTYLKO, JAMES WEGIENKA,
and JAMES SYLVESTER in their official
and individual capacity;

    Defendants.

_____/

Case No. 24-cv-10378
Case No. 25-cv-10227
Hon. Brandy R. McMillion
Mag. Judge Anthony Patti

## **DEFENDANTS, JAMES WEGIENKA AND JAMES SYLVESTER'S, SUPPLEMENTAL BRIEFING JOINING DEFENDANTS' PENDING MOTION TO DISMISS [ECF 22]**

NOW COME Defendants, JAMES WEGIENKA and JAMES SYLVESTER, by and through their attorneys, PLUNKETT COONEY, and submit the following Supplemental Brief in support of joining Co-Defendants pending Motion to Dismiss [ECF 22], as directed by this Honorable Court.

Pursuant to Rule 7.1(a), Defendants initially sought concurrence for their Motion to Dismiss in Lieu of Answer on September 30, 2024, which was expressly denied. Following this Honorable Court consolidating Plaintiff's claims against the Defendants, the Court granted leave so that Defendants may file a supplemental brief to address dismissal of Defendants Wegienka and Sylvester.

WHEREFORE, and for the reasons set forth in the accompanying Brief, the Defendants respectfully request this Honorable Court join these Defendants in Defendants' Motion to Dismiss [ECF 22] and GRANT the Motion to dismiss Plaintiff's Complaint together with any additional relief deemed just and proper.

        Respectfully submitted,

        PLUNKETT COONEY

BY:   _/s/Michael D. Hanchett_
      AUDREY J. FORBUSH (P41744)
      MICHAEL D. HANCHETT (P80974)
      Attorneys for Defendants
      Plaza One Financial Center
      111 E. Court Street - Suite 1B
      Flint, MI 48502
      (810) 342-7014/(248) 594-8689
      aforbush@plunkettcooney.com

Dated: May 1, 2025       mhanchett@plunkettcooney.com

# TABLE OF CONTENTS

**Page(s)**

TABLE OF CONTENTS ..................................................................................................i

INDEX OF AUTHORITIES ............................................................................................ii

CONCISE STATEMENT OF ISSUES PRESENTED ...................................................iv

    INTRODUCTION..................................................................................................1

    PROCEDURAL HISTORY....................................................................................1

    ANALYSIS .............................................................................................................3

        I.     Collateral Estoppel and *Res Judicia* Bars Relitigation of Issues having been Fully and Fairly Litigated and having Received Valid Final Judgment. ...................................................3

        II.    Plaintiff has Failed to State a Claim against these Defendants. .....................................................................................6

        III.   Plaintiff's Claims Fail. ....................................................................8

            A.    Plaintiff has no claim under the First Amendment. ............8

            B.    Plaintiff was afforded Due Process..........................................9

            C.    Plaintiff's Bystander Liability Theory is Insufficient. ........................................................................10

            D.    Plaintiff's Fifth Amendment Claim Fails. ............................11

            E.    Plaintiff's Fourteenth Amendment Claim Fails. .................11

        IV.   Plaintiff's Claims are Barred by the Applicable Statute of Limitations. ...................................................................................12

        V.    Defendants are Entitled to Qualified Immunity. ............................12

# INDEX OF AUTHORITIES

**Page(s)**

## Cases

*AuSable River Trading Post, LLC v. Dovetail Solutions, Inc.*,
　874 F.3d 271 (6th Cir. 2017) ................................................................................ 4

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007) ............................................................................................ 6

*Cockrel v. Shelby County School Dist.*,
　270 F.3d 1036 (6th Cir. 2001) ............................................................................. 3

*Detroit v Qualls*,
　454 N.W.2d 374 (1990) ....................................................................................... 4

*Drake v. City of Detroit*,
　266 Fed. App'x 444 (6th Cir. 2008) ................................................................... 12

*Dye v. Off. Of Racing Comm'n*,
　702F.3d 286 (6th Cir. 2012) ................................................................................ 8

*Gillis v. Miller*,
　845 F.3d 677 (6th Cir. 2017) ............................................................................... 8

*Harlow v. Fitzgerald*,
　457 U.S. 800 (1982) .......................................................................................... 13

*Lanier v. Bryant*,
　332 F.3d 999 (6th Cir. 2003) ............................................................................... 8

*Monat v State Farm Ins Co.*,
　677 N.W.2d 843 (2004) ................................................................................... 4, 5

*Pearson v. Callahan*,
　555 U.S. 223 (2009) .......................................................................................... 13

*Silva v. City of Mt. pleasant*,
　142 F.3d 898 (6th Cir. 1998) ............................................................................. 13

*Stern v. Mascio*,
　262 F.3d 600 (6th Cir. 2001) ............................................................................... 3

*Wells v. Brown*,
　891 F.2d 591 (6th Cir. 1989) ............................................................................... 7

**Statutes**

MCL 600.5805 .................................................................................................................... 12

U.S.C. § 1983 ................................................................................................8, 10, 11, 12

**Other Authorities**

Restatement (Second) of Judgments § 13 (1982) ..................................................... 4

Restatement (Second) of Judgments § 28 (1982) ................................................ 5, 6

**Constitutional Provisions**

Fifth Amendment ....................................................................................................... 11, 13

First Amendment ..................................................................................................... 8, 9, 13

Fourteenth Amendment .......................................................................................11, 12, 13

Fourth Amendment ......................................................................................................... 13

iv

# CONCISE STATEMENT OF ISSUES PRESENTED

I. **WHETHER PLAINTIFF'S CLAIMS AGAINST THE DEFENDANTS (ALBERT, GODELL, WOJTYLKO, WEGIENKA, AND SYLVESTER) SHOULD BE DISMISSED IN THEIR ENTIRETY?**

   Defendants Answer:                    Yes
   Plaintiff's Answer, Presumably:       No

Defendants, JAMES WEGIENKA and JAMES SYLVESTER (Defendants), by their attorneys, PLUNKETT COONEY, and at the direction of this Honorable Court, hereby submit the following Supplemental Brief in Support of Co-Defendants' Motion to Dismiss in Lieu of Answer [ECF 22].

## **INTRODUCTION**

At the direction of this Honorable Court, Defendants, Wegienka and Sylvester, (collectively "Defendants") file this Supplemental Brief to join in Co-Defendants' Motion to Dismiss [ECF 22].

Defendants join in, adopt, and incorporate by reference the Motion to Dismiss filed by Defendants, Julie Godell, Virginia Albert, and Julie Wojtylko [ECF 22]. Defendants' Motion to Dismiss is largely, if not entirely, applicable to the Wegienka and Sylvester Defendants. For the same reasons stated in ECF 22, Plaintiff's claim should be dismissed in its entirety.

## **PROCEDURAL HISTORY**

This is one of several cases filed by Plaintiff arising out what Plaintiff alleges was a maliciously contrived scheme to condemn and demolish his property. In total, Plaintiff has filed nine lawsuits arising out of the cleanup of debris and eventual demolition of the subject property.

Plaintiff's first case, Case No. 19-012334-NZ, resulted in Judge David Groner of the Wayne County Circuit Court issuing a written Opinion and Order dismissing

Plaintiff's claims for lack of merit. (Exhibit A – Judge Groner's Opinion and Order). While that case was pending before Judge Groner, Plaintiff initiated a second lawsuit before Judge Brian Sullivan of the Wayne County Circuit Court, Case No. 21-005704-CH. Judge Sullivan granted Defendants' Motion to Dismiss finding that Plaintiff's claims had already been litigated before Judge Groner. (Exhibit B – Judge Sullivan's Order).

Plaintiff filed a third lawsuit against different defendants arising out of the cleanup and demolition of the subject property, Case No. 22-003331-CZ. The Wayne County Circuit Court granted Defendants' Motion for Summary Disposition, and the Michigan Court of Appeals later affirmed. (Exhibit C – Michigan Court of Appeals Unpublished Opinion).

Plaintiff then filed individual lawsuits against the Godell, Albert, and Wojtylko Defendants in the Wayne County Circuit Court, Case No. 24-002047-CH, Case No. 24-002048-CH, and Case No. 24-002100-CH. Those cases were consolidated and eventually dismissed by Judge Kevin Cox on Defendants' Motion to Dismiss in Lieu of Answer. (Exhibit D – Judge Cox's Order). Plaintiff also filed Case No. 24-cv-10378 before this Honorable Court. The Albert, Godell, and Wojtylko Defendants have filed a Motion to Dismiss in Lieu of Answer, ECF 22.

Plaintiff then filed Case No. 25-cv-10227 against the Wegienka and Sylvester Defendants before this Honorable Court. Plaintiff has additionally filed a state case

against these Defendants, which is presently pending in the Wayne County Circuit Court Case No. 25-001991-CH. Defendants have prepared a similar Motion to Dismiss in Lieu of Answer in that case.

This Honorable Court has consolidated Case No. 24-cv-10378 and Case No. 25-cv-10227. Defendants respectfully request, through their Supplemental Briefing, to be joined in the Albert, Godell, and Wojtylko Defendants' Motion to Dismiss in Lieu of Answer, ECF 22.

## ANALYSIS

**I. Collateral Estoppel and *Res Judicia* Bars Relitigation of Issues having been Fully and Fairly Litigated and having Received Valid Final Judgment.**

The doctrine of collateral estoppel precludes relitigation of a matter that has been litigated and decided." *Cockrel v. Shelby County School Dist.*, 270 F.3d 1036, 1046 (6th Cir. 2001). The doctrine applies if: "(1) the precise issue raised in the present case [was] raised and actually litigated in the prior proceeding; (2) determination of the issue [was] necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom [collateral estoppel] is sought had a full and fair opportunity to litigate the issue in the prior proceeding." *Stern v. Mascio*, 262 F.3d 600, 608 (6th Cir. 2001).

3

On the other hand, *res judicata* indicates that federal courts are required to "give the judgment of state courts the same preclusive effect as they are entitled to under the laws of the state rendering the decision." *AuSable River Trading Post, LLC v. Dovetail Solutions, Inc.*, 874 F.3d 271, 274 (6th Cir. 2017).

In Michigan, defensive collateral estoppel can be invoked where, (1) an issue has been actually litigated and determined by a valid and final judgment; and (2) the party to be estopped had a full and fair opportunity to litigate the issue. *Monat v State Farm Ins Co.,* 677 N.W.2d 843 (2004). Use of defensive collateral estoppel does not require mutuality of the parties where it is asserted defensively to prevent a party from relitigating an issue that such party has already had a full and fair opportunity to litigate in a prior suit. *Id.* at 844-45, 850.

The Michigan Supreme Court has endorsed the view of collateral estoppel advanced in the Restatement (Second) of Judgments, whereby, a "final judgment," for purposes of collateral estoppel, "includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *Id.* at 847, 850; Restatement (Second) of Judgments § 13 (1982). "A judgment is considered a determination of the merits, and thereby triggers the doctrine of collateral estoppel on relitigation, even if the action has been resolved by summary disposition ...." *Detroit v Qualls*, 454 N.W.2d 374 (1990).

4

The Michigan Supreme Court directs that courts determining whether a party has had a "full and fair" opportunity to litigate, should look to the factors set forth in the Restatement (Second) of Judgments § 28 (1982). *Monat* 677 N.W.2d at 847

> Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:
> (1) The party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action; or
> (2) The issue is one of law and (a) the two actions involve claims that are substantially unrelated, or (b) a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws; or
> (3) A new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them; or
> (4) The party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; the burden has shifted to his adversary; or the adversary has a significantly heavier burden than he had in the first action; or
> (5) There is a clear and convincing need for a new determination of the issue (a) because of the potential adverse impact of the determination on the public interest or the interests of persons not themselves parties in the initial action, (b) because it was not sufficiently foreseeable at the time of the initial action that the issue would arise in the context of a subsequent action, or (c) because the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action.

5

Restatement (Second) of Judgments § 28 (1982).

Where the factors set forth in the Restatement (second) of Judgments § 28 do not apply, "[t]here is no good reason for refusing to treat the issue as settled so far as [Plaintiff] is concerned other than that of making the burden of litigation risk and expense symmetrical between him and his adversaries." *Id.* at 850-51. Here, Plaintiff has had a full and fair opportunity to litigate these issues, and such issues have been decided by a valid and final judgment. (Exhibits A, B, C, and D). Accordingly, collateral estoppel is appropriate to bar the relitigation of these issues. Plaintiff should not be allowed to continue to file multiple different lawsuits against various new defendants when claims on this same issue have already been addressed by competent courts.

## II. Plaintiff has Failed to State a Claim against these Defendants.

Each of Plaintiff's claims are so vague and ambiguous that they must fail. Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of

6

action." *Id.* Even pro se complaints must satisfy basic pleading requirements. *Wells v. Brown,* 891 F.2d 591 (6th Cir. 1989).

It is impossible to discern the facts Plaintiff relies on to support his claims. Plaintiff's Complaint puts forth baseless allegations without any connection to any cognizable legal claims. For instance, Plaintiff alleges that he was the victim of a fraudulent kickback scheme at the hands of an unnamed party and his property was demolished out of revenge for his allegations of fraud and corruption.[1] Plaintiff then makes no allegations or connections between these Defendants and the alleged allegations of fraud or the fraud itself. Additionally, aside from placing the property on the condemnation and demolition list, Plaintiff made no other allegations of involvement by Defendants. An event which occurred on September 29, 2016.

This is one of many such deficiencies littered throughout Plaintiff's Complaint. Accordingly, Plaintiff has failed to state a claim against these Defendants.

---

[1] The kickback scheme Plaintiff refers to is wholly unrelated to the Plaintiff. William Pritula pled guilty in July, 2018, for his participation in a kick back scheme for work he was contracted to perform at the Wayne County Airport. The less than $3,000 weed and lawn service assessment was not a part of this kickback scheme.

7

### III. Plaintiff's Claims Fail.

Defendants restate and reallege the applicable law relied upon by Co-Defendants in their Motion to Dismiss in Lieu of Answer, ECF 22.

Plaintiff alleges several Constitutional violations against these Defendants for their alleged involvement in the demolition of Plaintiff's property, however, Plaintiff's "conclusory statements are insufficient to state a civil rights claim under § 1983," *Lanier v. Bryant,* 332 F.3d 999, 1007 (6th Cir. 2003).

#### A. **Plaintiff has no claim under the First Amendment.**

For a Plaintiff to successfully establish a First Amendment retaliation claim, they must plead factual allegations establishing that:

> (1) He engaged in constitutionally protected speech or conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; [and] (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by his protected conduct.

*Gillis v. Miller*, 845 F.3d 677, 683 (6th Cir. 2017) (quoting *Dye v. Off. Of Racing Comm'n*, 702 F.3d 286, 294 (6th Cir. 2012)).

For Plaintiff's First Amendment Claim, he alleges that following a meeting, where he made an allegation of corruption in relation to the $2,310 weed and lawn service assessment, the Defendants (without any specification as to which) condemned Plaintiff's property. [ECF 33, ¶11 and 12]. This claim fails as there are

8

no allegations as to which Defendants were even at this meeting, nor that there was any causal connection between Plaintiff's allegations of corruption and Defendants' actions. For this claim, Plaintiff did not make any allegations as to the Defendants Wegienka or Sylvester of how they were aware of Plaintiff's statements and/or retaliated against him.

Despite Plaintiff's allegations that Defendants were "motivated by evil motive or intent," there was justification for the condemnation and eventual demolition of the subject property in the form of unpaid property taxes and Plaintiff's failure to secure or maintain the property for the health, safety, and welfare of the public. (Exhibit E – Affidavit of Steve Hitchcock). Plaintiff has not alleged causal connection between his protected speech and any actions by these Defendants. Accordingly, Plaintiff's First Amendment claim fails.

      B.    **<u>Plaintiff was afforded Due Process.</u>**

Despite Plaintiff's allegations, the evidence provided in Exhibit E, as explained in ECF 22, establishes that Plaintiff was afforded Due Process with regard to the demolition of his property.

Plaintiff has failed to establish how these Defendants "controlled the demolition process from the beginning", let alone, controlled the demolition process at all. Plaintiff's only allegation as to Defendant Wegienka is that Wegienka placed the property on the demolition list, as ordered by a superior. Aside from

condemning the property, per the assessing department, and scheduling the demolition, Plaintiff has failed to show that Defendant Wegienka had any other role in the ultimate demolition of the property.

As to Defendant Sylvester, Plaintiff has failed to provide any context in relation to the copper pipes which were allegedly removed. It is unclear whether Plaintiff is asserting that the removal was not part of the condemnation and demolition proceedings, where Plaintiff was provided Due Process. Therefore, Plaintiff has failed to meet his pleading requirements, and his claim must be dismissed.

Plaintiff has failed to establish that the Defendants denied Plaintiff due process under the law. Moreover, as fully briefed in ECF 22, Plaintiff was in fact afforded Due Process.

### C. **Plaintiff's Bystander Liability Theory is Insufficient.**

Plaintiff alleges that Defendants may be held liable under Section 1983 on the theory of bystander liability, however, Plaintiff has failed to make any allegations justifying imposing such liability.

Plaintiff seems to allege that the complained of actions in this Count relate to Defendant Sylvester allegedly digging up Plaintiff's copper pipes to sell them. (ECF 33, ¶ 33). Plaintiff does not make any allegations as to who the alleged bystander is upon who he seeks to impose liability. Furthermore, Plaintiff makes no

10

allegations as to any Defendant having had knowledge of any alleged constitutional violations. Because Plaintiff has not alleged any facts sufficient to establish liability under a theory of bystander liability, Plaintiff's § 1983 failure to intervene claim fails.

### D. **Plaintiff's Fifth Amendment Claim Fails.**

Defendants restate and reallege those arguments made by Co-Defendants in their Motion to Dismiss, ECF 22. Plaintiff's Fifth Amendment claim in Count IV should be dismissed for the reasons set forth in ECF 22.

### E. **Plaintiff's Fourteenth Amendment Claim Fails.**

Defendants restate and reallege the applicable law relied upon by Co-Defendants in their Motion to Dismiss, ECF 22. Plaintiff has failed to state any facts specific to his Fourteenth Amendment Claim as to Defendants Wegienka or Sylvester. (See ECF No. 33, PageID.281). Therefore, Plaintiff has failed to establish how he is entitled to release against these Defendants on this claim.

Furthermore, as stated above and by Co-Defendants in ECF 22, Plaintiff was provided notice of several meetings regarding the subject property and had opportunities to halt demolition proceedings. Plaintiff did exercise his right to halt proceedings. *Id.* Plaintiff was also provided opportunities to remedy the situation. *Id.* Despite having been notified and informed of the steps Plaintiff needed to take, Plaintiff opted to not do so.

Despite Plaintiff's allegations, the evidence establishes that Plaintiff was provided due process in the demolition process. Accordingly, Plaintiff's Fourteenth Amendment claim fails.

## IV. Plaintiff's Claims are Barred by the Applicable Statute of Limitations.

The Sixth Circuit has held that the "appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims." *Drake v. City of Detroit,* 266 Fed. App'x 444, 448 (6th Cir. 2008) (citing MCL 600.5805).

In order to be within the applicable statute of limitations, the complained of conduct would have had to occurred between January 24, 2022, and January 24, 2025. The only evidence submitted by Plaintiff establishes that the complained of actions took place in 2016. (ECF No. 33). Plaintiff only submitted materials which establish these Defendants is the classification of the property as a substandard structure in October 2016, and added it to the demolition list in December 2016, more than eight years before Plaintiff filed this present claim. *Id.* Any actions taken prior to January 24, 2022, are barred by the applicable statute of limitations, accordingly, Plaintiff's Complaint should be dismissed as untimely.

## V. Defendants are Entitled to Qualified Immunity.

Qualified immunity is an established federal defense against claims for damages under § 1983 for alleged violations of federal rights. *Harlow v. Fitzgerald,*

457 U.S. 800 (1982). Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Qualified immunity is an entitlement to "immunity from suit, and not merely immunity from liability." *Silva v. City of Mt. pleasant,* 142 F.3d 898, 902 (6th Cir. 1998). The burden is on the Plaintiff to establish that Defendants are not entitled to qualified immunity. *Harlow,* 457 U.S. 800 (1982). In order to defeat qualified immunity, Plaintiff must establish (1) violation of a constitutional right and (2) the constitutional right was "clearly established" at the time of the defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

As discussed, Plaintiff has failed to establish any violation of any constitutional rights by these Defendants. Plaintiff's First Amendment claim fails as there was no connection between Plaintiff's allegedly protected activity and the acts of these Defendants. As discussed at length, Plaintiff was afforded Due Process under the Fourth, Fifth, and Fourteenth Amendments. As to Plaintiff's Fourth Amendment bystander liability claim, Plaintiff did not establish who the bystander was, nor did Plaintiff establish violation of any constitutional right so to support this claim. Additionally, Plaintiff did not establish that any alleged constitutional

13

right was "clearly established" at the time of the alleged misconduct. Accordingly, Defendants are entitled to qualified immunity.

Respectfully submitted,

PLUNKETT COONEY

BY: */s/Michael D. Hanchett*
AUDREY J. FORBUSH (P41744)
MICHAEL D. HANCHETT (P80974)
Attorneys for Defendants
Plaza One Financial Center
111 E. Court Street - Suite 1B
Flint, MI 48502
(810) 342-7014/(248) 594-8689
aforbush@plunkettcooney.com
mhanchett@plunkettcooney.com

Dated: May 1, 2025

## CERTIFICATE OF SERVICE

I do hereby certify that on the 1st day of May, 2025, I filed the foregoing document and this Certificate of Service with the Clerk of the Court using the ECF24- system, and that I have emailed/mailed by United States Postal Service to any parties that are not ECF participants.

*/s/Debra L. Vogt*
DEBRA L. VOGT
PLUNKETT COONEY

14