UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANCIS ROMEO,

       Plaintiff,

v.

JULIE ALBERT, VIRGINIA GODELL,
JULIE WOJTYLKO, JAMES
WEGIENKA, and JAMES SYLVESTER,

       Defendants.
_____/

Case No. 2:24-cv-10378

Honorable Brandy R. McMillion
Magistrate Judge Anthony P. Patti

**<u>OPINION AND ORDER ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF NO. 43), OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 44), AND GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF NOS. 22 & 37)</u>**

On February 14, 2024, Plaintiff Francis Romeo ("Romeo") filed a civil rights action against Defendants Julie Albert, Virginia Godell, and Julie Wojtylko alleging various constitutional violations relating to the condemnation and demolition of his home. *See* ECF No. 1. On January 24, 2025, Romeo filed another civil rights action against Defendants James Wegienka and James Sylvester (together with Albert, Godell, and Wojtylko, "Defendants") raising essentially the same claims that he raised in his first suit, which was consolidated into this case. *See* ECF No. 30.

1

Prior to consolidation, Defendants Albert, Godell and Wojtylko filed a Motion to Dismiss.  ECF No. 22.  Defendants Wegienka and Sylvester later joined in that motion and filed an additional Motion to Dismiss.  ECF No. 37.  On July 8, 2025, Magistrate Judge Anthony P. Patti issued a Report and Recommendation ("R&R") recommending that the Court grant both motions to dismiss.  *See* ECF No. 43.[1]  Plaintiff filed objections and Defendants responded.  *See* ECF Nos. 44, 46.[2]

Having reviewed the objections and conducting a *de novo* review of the record and briefs, the Court concludes that Plaintiffs' allegations fail to state any constitutional claims and therefore the Complaint should be dismissed.  Accordingly, the Court will **ACCEPT AND ADOPT** the recommended disposition of the R&R (ECF No. 43), **OVERRULE** Plaintiff's Objections (ECF No. 44), and **GRANT** Defendants' Motions to Dismiss (ECF Nos. 22, 37).

---

[1] This case was originally assigned to the Honorable Jonathan J.C. Grey, but reassigned to the undersigned on April 2, 2024, pursuant to Administrative Order 24-AO-007.  All pretrial matters were referred to Magistrate Judge Anothony P. Patti on April 10, 2024.  ECF No. 10.

[2] Romeo also filed an *Ex Parte* Motion to Stay the proceedings pending a ruling on his objections to the R&R.  *See* ECF No. 45. Defendants responded noting that this is the practice of the Court in any event, so the motion was without legal consequence.  *See generally* ECF No. 47.  The Court agrees and this motion will be terminated.

## I.

In the summer of 2016, Romeo received an assessment on his tax bill for "weed cutting" in the amount of $2,310. ECF No. 1, PageID.4-5, 18.[3] He alleges that this assessment was tied to a trash dumping problem caused by zoning changes and a corrupt city clean up contractor. *Id.* at PageID.4-5. Romeo alleges that the corrupt city clean up contractor, William Pritula, was convicted for writing over-inflated invoices for work that was never performed and the proceeds of which were split with city inspectors. *Id.* In September 2016, Romeo met with Defendants to resolve the tax assessment, where he alleged fraudulent billing and corruption in the assessment process. *Id.* at PageID.5. He was informed by Defendant Albert that if he did not resolve the assessment, his house "was on the line." *Id.* Romeo claims that Defendants "hatched a plot to have his house of twenty-five (25) years condemned and demolished as an act of revenge." *Id.* at PageID.6. In February 2022, Romeo's home was demolished for what he claims not to be a structural deficiency, but for Defendants' revenge. *Id.*; ECF No. 35, PageID.339.

Romeo alleges that Defendant Wegienka was responsible for putting his home on the demolition list, at the direction of Defendant Albert. ECF No. 35, PageID.333, 338. He also alleges that Defendant Sylvester came to his home with

---

[3] The Court notes that Romeo refiled his original complaint, adding Defendants James Weginka and James Sylvester after the Court consolidated his two cases. *See* ECF No. 35. The Court therefore will reference both ECF No. 1 and ECF No. 35 for completeness.

3

the Water Department crew and destroyed his yard while removing copper pipes from underground at the property. *Id.* As a result of this conduct, Romeo filed the instant action.

## II.

Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Moreover, an objection that "merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). The Court

> is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources.

4

*See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (citations and emphasis omitted).

When a party objects to portions of a Magistrate Judge's R&R, the Court reviews those portions *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which the parties did not object. *Thomas*, 474 U.S. at 153. However, a *de novo* review of proper objections requires at least a review of the evidence before the Magistrate Judge; and the Court may not act solely on the basis of a Magistrate Judge's R&R. *See Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

### III.

Romeo lodged eleven (11) objections to Magistrate Judge Patti's R&R. *See* ECF No. 44. The Court will address each of these objections in turn but ultimately finds that the Complaints fail to state a claim upon which relief can be granted and Defendants' Motions to Dismiss (ECF Nos. 27, 33) should be granted.

Romeo raises five causes of action against Defendants: First Amendment Retaliation (Count I); Fourth Amendment Violation for a Seizure without Due Process (Count II); Failure to Intervene in Violation of the Fourth Amendment for "bystander liability" (Count III); Violations of the Fifth Amendment for Deprivation of Property without Due Process (Count IV); and Violations of the Fourteenth

Amendment (Count V). *See generally* ECF No. 1, 35. He brings these claims pursuant to 42 U.S.C. § 1983. ECF No. 1, PageID.2; ECF No. 35, PageID.331.

To state a federal civil rights claim, a plaintiff must allege that he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978). It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of *respondeat superior* or vicarious liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).

As an initial matter, the causes of action identified in Romeo's Complaints do not allege specific facts against the individual Defendants, but instead, states generally what "Defendants" did or didn't do and makes conclusory statements that his rights have been violated. *See* ECF No. 1, PageID.7-12; ECF No. 35, PageID.340-347. This is insufficient to state a claim for which relief can be granted. Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

6

elements of a cause of action will not do.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Further, to the extent that Romeo asserts that Defendant Albert (or any other defendant) should be liable based upon a supervisory role over other defendants, such claims must be dismissed.  *See Monell*, 436 U.S. at 691-92; *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).

The Complaint is also subject to dismissal despite Romeo's objections to the R&R.  Each of the objections are overruled based on the following:

**Objection Nos. 1, 2, 3, 4, 10:**  Romeo objects to the Magistrate Judge's recitation of the facts and offers (i) what he believes to be "irrefutable proof" that the $2,310 tax assessment was fraudulent; (ii) facts about Pritula never performing work on Romeo's property; (iii) facts about what constitutes Defendants' retaliation and revenge; (iv) the date that Defendant Sylvester removed pipes from his property; and (v) the ownership of the pipes on Romeo's property.  *See* ECF No. 44, PageID.562-568, 580.  However, at this stage of the litigation, the Court accepts all factual allegations as true, and therefore these objections are without consequence to the analysis of the motion to dismiss.  *See Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024) (citing *Twombly*, 550 U.S. at 555-56); *Norris v. Stanley*, 73 F.4th 431, 435 (6th Cir. 2023).  None of this additional information changes the legal analysis of the Court, and therefore, each of these objections are overruled.

**Objection No. 5:**  Romeo states that he misunderstood the re-filing procedure and objects to the Magistrate Judge noting "Plaintiff's filing error" in the filing of the second complaint after the case consolidation.  *See* ECF No. 44, PageID.568.  This objection is also without consequence, because as noted above, for the sake of completeness, the Court has reviewed both complaints filed (ECF Nos. 1, 35) in issuing this opinion.

**Objection Nos. 6, 7, 8, 9, 11:**  Romeo has several objections that simply restate his arguments in response to the motion to dismiss or fail to raise specific objections.  *See* ECF No. 44, PageID.572-581.  These objections do not challenge the legal analysis of the opinion and are simply an additional attempt at arguing the substance of the motion to dismiss or alleging additional facts which Romeo believes may be helpful to his case.  Because objections must be clear so that the Court can discern "those issues that [are] dispositive and contentious" and mere restatement of argument is not appropriate or sufficient, the Court overrules these objections.  *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016).

### IV.

Accordingly, the Court **ACCEPTS AND ADOPTS** the recommended disposition of Magistrate Judge Patti's Report and Recommendation (ECF No. 43).

Plaintiff's Objections (ECF No. 44) are **OVERRULED**. Defendants' Motions to Dismiss (ECF Nos. 22, 37) are **GRANTED**.

**IT IS HEREBY ORDERED** that all claims as to all Defendants are **DISMISSED WITH PREJUDICE**.

*This is a final order that closes the case*.

**IT IS SO ORDERED.**

Dated: August 8, 2025                              s/Brandy R. McMillion
                                                    Hon. Brandy R. McMillion
                                                    United States District Judge